UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMIE TAN,<br><br>           Plaintiff,<br><br>     vs.<br><br>WELLS FARGO BANK, AS TRUSTEE FOR THE STRUCTURED ASSET SECURITIES CORP. MORTGAGE PASS-THROUGH CERTIFICATES 2006-OPTI; AMERICAN HOME MORTGAGE SERVICING, INC.; POWER DEFAULT SERVICES, INC.; OPTION ONE MORTGAGE CORP.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, DOES 1-20, inclusive,<br><br>           Defendants. | Case No: C 10-3773 SBA<br><br>**ORDER DISMISSING ACTION** |

Plaintiff filed the instant mortgage fraud action in state court on June 29, 2010. On August 25, 2010, Defendants American Home Mortgage Servicing, Inc., Power Default Services, Inc., and Wells Fargo Bank, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-OPTI ("Defendants") removed the action to this Court, and filed a motion to dismiss on September 1, 2010.[1]  Dkts. 1, 9.  A

---

[1] There is no indication in the record that the remaining Defendants, Option One Mortgage Corp. and Mortgage Electronic Registration Systems, have been served in this action, nor have they filed any responsive pleading or otherwise made an appearance.

hearing on Defendants' motion to dismiss is scheduled for November 2, 2010.  Under Civil Local Rule 7-3(a), any opposition or statement of non-opposition was due by October 12, 2010, which is twenty-one days prior to the hearing date.  Plaintiff did not respond to Defendants' motion.

Rule 41(b) authorizes the Court to dismiss an action where a plaintiff has failed to comply with the Federal Rules of Civil Procedure, the Court's local rules or any court order.  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  Pursuant to this authority, the Ninth Circuit has held that the failure to file an opposition to a motion to dismiss in contravention of the local rules or court order is grounds for granting the motion.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  In Ghazali, the Ninth Circuit held that in exercising its discretion to dismiss an action for failing to comply with a district court's local rules or orders, the court is "required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  Upon balancing the Ghazali factors under the facts of this case, the Court finds that dismissal is warranted.

The first and second factors both favor dismissal.  Under Local Rule 7-3, Plaintiff was obligated to file her opposition to Defendants' motion to dismiss by no later than October 5, 2010.   In violation of that rule, she failed to do so.  Plaintiff's failure to comport with Court's filing requirements undermine the Court's ability to expedite the resolution of the action.  Such non-compliance inherently delays resolution of the case and insures to the detriment of the public.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket).

The third factor, the risk of prejudice to the defendant, is related to the strength of the plaintiff's excuse for the default, if any.  See Yourish, 191 F.3d at 991.  Here, Plaintiff has

offered no "excuse" for her non-compliance, nor is any apparent from the record.  Moreover, the Court has received no filing from Plaintiff since this action was removed.  These facts also weigh strongly in favor of dismissal.  Id.; Ghazali, 46 F.3d. at 54.

The fourth factor favoring disposition of cases on the merits, by definition, weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal").

Finally, the Court's Standing Order expressly warns that the "failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion."  Civil Standing Order at 4.  See Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994) ("We conclude that because Brydges was warned of the consequence of his failure to respond to the appellees' summary judgment motion, the district court did not err by deeming his failure to respond a consent to the motion for summary judgment").

In sum, weighing the relevant factors, the Court exercises its discretion and grants Defendants' motion to dismiss.

Accordingly,

IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Dismiss (Dkt. 9) is GRANTED.

2. The hearing scheduled for November 2, 2010 is VACATED.

3. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: October 22, 2010

                                           SAUNDRA BROWN ARMSTRONG
                                           United States District Judge

UNITED STATES DISTRICT COURT

FOR THE
NORTHERN DISTRICT OF CALIFORNIA

AMIE TAN et al,

       Plaintiff,

 v.

WELLS FARGO BANK et al,

       Defendant.

                                  Case Number: CV10-03773 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 22, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Allen Tan
No. 3 Dow Court
Alameda, CA 94501

Amie Tan
No 3. Dow Court
Alameda, CA 94501

Dated: October 22, 2010

                                      Richard W. Wieking, Clerk

                                                By: LISA R CLARK, Deputy Clerk